Dye, J.
(dissenting). I dissent and vote to affirm. I agree with the general rule that improper comments during summation may warrant a new trial whenever the defendant’s rights before a jury are prejudiced, particularly when the prosecutor makes himself an unsworn witness and supports his case by his own veracity and position (People v. Tassiello, 300 N. Y. 425; People v. Lovello, 1 N Y 2d 436). However, we have deemed it harmless when the impropriety is confined to a single isolated instance which, under the rulings of the court, could not have prejudiced the jury in the light of overwhelming evidence of guilt (People v. Broady, 5 N Y 2d 500 [April, 1959]; People v. Marks, 6 N Y 2d 67 [May, 1959]).
On this record, the complained of prejudice falls more nearly into the pattern set by the line of cases exemplified by Broady and Marks than by Tassiello and Lovello. In both the latter cases there was a continuing and persisting course of intemperate behavior on the part of the prosecutor to which the court gave acquiescence and substance by ruling against the defendant’s objections.
Here, we note a distinguishing difference, since the complained of impropriety is limited to a single isolated instance found only in the words ‘ ‘ I will be happy to tell you the reason why after the trial is over ”, This was met, as it was in Broady and Marks, by a motion for a mistrial which the court denied, and by objection which the court sustained, followed by a prompt, clear and adequate instruction to the jury to disregard the reason why, or the fact that Mr. Jones or any one else knew the reason why, as well as granting the defendant’s request to charge in respect thereto.
Under the circumstances of this case, the uncontradicted and overwhelming evidence of guilt, the single slip of the tongue, the prompt ruling by the court’s instructions to the jury, made on his own initiative as well as pursuant to the defendant’s request to charge, we are satisfied, as was the court below, *147 that the comment, concededly improper, was too inconsequential to adversely affect any substantial right of the defendant (Code Crim. Pro., § 542).
The judgment of conviction should be affirmed.
Chief Judge Conway and Judges Desmond and Van Voorhis concur with Judge Fuld; Judge Dye dissents in an opinion in which Judges Froessel and Burke concur.
Judgment reversed, etc.